HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
BENJAMIN A. GERSON, NY BAR #5505144
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
CEDRIC ARAUZO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 6:19-po-00103-JDP |
|---|---|
| Plaintiff, | **STIPULATION TO WAIVE CVB LATE FEES** |
| vs. | |
| CEDRIC ARAUZO, | |
| Defendant. | |

      The parties, through their respective counsel, Susan St. Vincent, Legal Officer, Yosemite National Park, counsel for the government, and Benjamin A. Gerson, Assistant Federal Defender, counsel for the defendant, Cedric Arauzo, hereby stipulate and jointly move this Court to waive any outstanding late fees accrued to Mr. Arauzo.

      On June 25, 2019, Mr. Arauzo pleaded guilty to one count of possession of a controlled substance.  The honorable Jeremy D. Peterson sentenced Mr. Arauzo to pay a fine and special assessments totaling $1,000.00, payable in full by September 25, 2019 as part of a deferred entry of judgement. Mr. Arauzo paid $1,000.00 to the Central Violations Bureau on May 11, 2020. However, because payment was made after the date specified at the time of sentencing, he has accumulated $240.00 in late fees that he does not have the means to pay. Because non-payment of the late fees jeopardizes Mr. Arauzo's deferred entry of judgement, and because the Supreme Court has made clear that indigency is not a permissible ground for further punishment, the

parties jointly move the court to waive any outstanding late fees in Mr. Arauzo's case.

The United State Supreme Court has specifically held that a defendant's indigence, absent a finding of willful disobedience or neglect, is not a sufficient basis to revoke probation or institute further punishment. *Bearden v. Georgia*, 461 U.S. 660 (1983). In *Bearden*, the defendant made a partial payment, but was unable to find a job due to his lack of formal education and defaulted on $550.00 in court fines. The trial court converted the remainder of Mr. Bearden's sentence from probation to a term of jail. In analyzing this "automatic" punishment for nonpayment through the lens of the Equal Protection clause, the Supreme Court held that a distinction must be drawn between indigent defendants, who by no fault of their own fail to pay, and those who knowingly neglect their fines. *Bearden*, at 668. Otherwise, two similarly situated defendants, one wealthy and one poor, would be subject to different punishments. The Court held that if a probationer made diligent efforts, it is fundamentally unfair to revoke probation for non-payment. *Id.* at 669 ("[t]his lack of fault provides a substantial reason which justifies or mitigates the violation and makes revocation inappropriate.")(citing *Gagnon v. Scarpelli*, 411 U.S., at 790). The Court held that a factual determination was necessary before further punishment could be imposed, with due consideration given to the government's penal interests. *Id.* at 672.

In the instant case, Mr. Arauzo is faced with similar circumstances. At the time of his plea he had few financial resources. He paid rent, cared for younger siblings, and covered medical expenses related to pancreatic cancer treatment for Alma Arauzo, his mother. His mother's disease progressed and by late 2019 she was diagnosed with stage four cancer. Mr. Arauzo was forced to take time off from work to care for her. Alma Arauzo died in late January 2020. See, Exhibit A (filed under separate cover). Mr. Arauzo currently works at Trader Joe's supermarket, as an essential worker he has managed to maintain employment throughout the COVID-19 emergency. As of the date of this filing he has paid the $1,000.00 fine prior to his DEJ expiration date.

Plainly stated, the purpose of a deferred entry of judgment (DEJ) is to spare first time offenders the stigma and encumbrance of a criminal record. In Mr. Arauzo's case, there is a

distinct danger that should he not pay the outstanding late fees, the DEJ will not be dismissed and his life would be negatively impacted for many years. In a petty offense case, the threat of a criminal record and the commensurate collateral consequences often outweigh the sentence imposed. The statutory allowance for a DEJ speaks to the government's interest in allowing first time offenders to demonstrate their willingness to comply with societal norms, very much in line with the Supreme Court's instruction in *Bearden*. 461 U.S.660, 670.

      Here, Mr. Arauzo's failure to pay by the September 2019 due date betrays only his indigence, not a willingness to spurn the court's sentence. Having made a payment of the full fine amount prior to the DEJ expiration date, he has demonstrated bona fide efforts to comply with his obligations. The continued imposition of late fees upsets not only the guarantees of the Equal Protection clause as set forth in *Bearden*, but the government's penal interest as well.

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

Dated: May 13, 2020            */s/ Susan St. Vincent*
SUSAN ST. VINCENT
Acting Legal Officer
National Park Service
Yosemite National Park


HEATHER E. WILLIAMS
Federal Defender

Dated: May 13, 2020            */s/ Benjamin A. Gerson*
BENJAMIN A. GERSON
Assistant Federal Defender
Attorney for Defendant
CEDRIC ARAUZO

ORDER

Based on the parties' joint representation, all late fees in case 6:19-po-00103-JDP are waived.

IT IS SO ORDERED.

Dated:   May 14, 2020

_____
UNITED STATES MAGISTRATE JUDGE